O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 08-01425-SGL(JWJx)                    Date:  October 27, 2008

Title:        JACK BACA -v- HSBC BANK USA, ET AL.
=======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes                                                 None Present
         Courtroom Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                    None present

PROCEEDINGS:     ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

     Plaintiff filed a complaint on October 14, 2008, against various financial institutions.  The caption of the complaint ostensibly avers violations of the Truth in Lending Act as well as Regulation Z.  However, in the body of the complaint it is apparent that plaintiff seeks for the Court to "enforce a settlement agreement" plaintiff had reached with defendants.  Such a claim is not one based in federal law, but instead state law.[1]  The conflicting nature of the jurisdictional basis for the Court to hear this matter is problematic because nowhere in the body of the complaint does plaintiff specifically identify the basis upon which this Court has jurisdiction to hear her claims.  The complaint's subheading "Jurisdiction of the Court" is as confusing because it is inarticulate as to the basis upon which the Court's ability to hear this matter is being invoked.  Simply stated, the complaint makes mention of the United States Constitution, reference again Regulation Z and TILA, and then concludes by references to the Bankruptcy Code and the Federal Tort Claim Act.  Yet again at the end of the complaint the only relief requested is for the Court to "honor the terms and conditions of the settlement agreement," something completely separate and apart from any

---

   [1]  Unless, of course, the settlement agreement was reached during the pendency of a previous federal case and the settlement agreement contained a provision that the federal court retained jurisdiction to enforce the agreement; in that case, however, only the federal court that actually signed off on the settlement agreement would retain jurisdiction to entertain plaintiff's request for enforcement of the same.

MINUTES FORM 90                                                           Initials of Deputy Clerk:  jh
CIVIL -- GEN                                              1

ED CV 08-01425-SGL(JWJx)
JACK BACA v HSBC BANK USA, ET AL.
MINUTE ORDER of October 27, 2008

possible claim under any of the federal laws mentioned.

      The Federal Rule of Civil Procedure requires that any complaint filed in federal court "must contain a short and plain statement of the ground for the court's jurisdiction."  See Fed. R. Civ. P. 8(a)(1).  Moreover, this Court's local rules similarly require that in providing the grounds for jurisdiction the complaint must the "statutory basis" for the same.  Again in the present complaint there is no single concrete allegation in the complaint on what basis this Court has jurisdiction to hear the case, be it diversity jurisdiction (28 U.S.C. § 1332) or federal question (28 U.S.C. § 1331).  Again although the complaint contains a section concerning what appears to be an allegation for federal question jurisdiction (citing various federal laws), it concludes with a request for relief predicated entirely upon enforcement of a settlement agreement which has nothing to do with a violation of federal law.

      Given that plaintiff's complaint does not aver upon what basis jurisdiction is being asserted for the relief being sought, the Court hereby **DISMISSES** the complaint but with **LEAVE TO AMEND**.  Plaintiff may file an amended complaint within fourteen (14) days from the date of this Order that contains allegations setting forth the basis upon which this Court has jurisdiction to hear the claims set forth in the complaint.  Failure to submit an amended complaint within the time allotted will result in the dismissal of the case for failure to prosecute.

      IT IS SO ORDERED.